```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JASPER WALKER,                      :
                                    :
                                    :     04 Civ. 2954 (MBM)
              Plaintiff,            :     OPINION AND ORDER
                                    :
     -against-                      :
                                    :
EDISON CHOUEST OFFSHORE, L.L.C.,    :
GALLIANO MARINE SERVICES L.L.C.,    :
the UNITED STATES OF AMERICA        :
and The Vessel CAROLYN CHOUEST,     :
In Rem,                             :
                                    :
              Defendants.           :
-----------------------------------X
```

APPEARANCES:

DARLO ANTHONY CHINIGO, ESQ.
(Attorney for Plaintiff)
HOFFMAN & ASSOCIATES
360 West 31st Street, Suite 1506
New York, NY 10001
(212) 465-8840

JOHN J. WALSH, ESQ.
(Attorney for Defendants)
FREEHILL HOGAN & MAHAR, L.L.P.
80 Pine Street
New York, NY 10005
(212) 425-1900

MICHAEL B. MUKASEY, U.S.D.J.

Defendants Edison Chouest Offshore, L.L.C., Galliano Marine Services, L.L.C., and the vessel Carolyn Chouest, in rem, ("defendants") have moved for a declaration that the claims brought against them by plaintiff Jasper Walker will be tried to the court and not to a jury. In response, Walker argues that his complaint contained a jury demand sufficient to meet the requirements of Federal Rule of Civil Procedure 38(b). For the reasons below, Walker did not demand a jury trial properly under Rule 38(b) and, as a result, this case will not be tried to a jury.

I.

On January 11, 2002, Walker, a member of the United States Merchant Marine, employee of defendants Edison and Galliano, and member of the crew of the vessel Carolyn Chouest, seriously injured his neck and back while performing his job duties aboard the Carolyn Chouest. (Compl. ¶¶ 1, 34-35, 48) At the time of Walker's injuries, Edison and Galliano owned, bareboat chartered, possessed, operated, managed, crewed, and controlled the Carolyn Chouest. (Compl. ¶¶ 7-22)

Walker alleges that his injuries were caused by "the unsafe and unseaworthy condition" of the Carolyn Chouest and the negligence of defendants. (Compl. ¶¶ 48-51) He seeks both

1

compensatory damages and "maintenance, cure and wages" pursuant to the Jones Act, 46 U.S.C. § 688 et seq. (Compl. ¶¶ 52, 54)

On January 6, 2003, the complaint in this action was filed. Paragraph 6 of the complaint states:

> Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintif's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Line Company, 374 U.S. 16 (1963).

(Compl. ¶ 6) No other reference to a jury trial is contained in the complaint or in any pleadings other then in the motion papers related to the issue currently under consideration.

## II.

Because Walker brings his case under the Jones Act, he has a statutory right to a jury trial. The Act provides that "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury . . . ." 46 U.S.C. App. § 688 (2000). However, to invoke his right to a jury trial, Walker must meet the requirements of Federal Rule of Civil Procedure 38(b), which "proceed[s] on the basis that a jury trial is waived unless a timely demand is filed." Cascone v. Ortho Pharm. Corp., 702 F.2d 389, 391 (2d Cir. 1983). Rule 38(b) requires that a

2

written "demand" for a jury trial be served on an adverse party no later then ten days after service of the last pleading directed to the issue. Fed. R. Civ. P. 38(b). A party who fails to state affirmatively his desire for a jury in that manner is deemed to have waived his right to a jury trial on the issues framed by the pleadings at that juncture. Fed. R. Civ. P. 38(d); see also Richardson Greenshields Sec. v. Mui-Hin Lau, 693 F. Supp. 1445, 1458 (S.D.N.Y. 1988). Such a waiver is complete even though it was inadvertent and unintended and regardless of explanation or excuse. See, e.g., Washington v. New York City Bd. of Estimate, 709 F.2d 792, 797 (2d Cir. 1983); Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989).

The Second Circuit has held that Rule 38(b) has dual purposes -- to provide the party seeking to invoke the jury trial right with reasonable reliance and to provide the other parties in the action with adequate notice -- and that the court enforcing the Rule must "satisfy justifiable expectations while avoiding undue surprise." Rosen v. Dick, 639 F.2d 82, 87-88 (2d Cir. 1980). Further, "[w]hen applying the Rule and inquiring into reliance and notice, a court should start by measuring the parties' overt acts and their significance under the literal terms of the Rule. For a party probably cannot demonstrate the reasonableness of his or her reliance if the Rule has not been followed . . . ." Id. at 88.

The preferred method for demanding a jury is "a clear indorsement, in bold letters, demanding a jury trial." Rosen v. Dick, 639 F.2d 82, 89 (2d Cir. 1980); see also 22 Fed. Proc., L. Ed. § 77:116 (2006) ("Since Fed. R. Civ. P. 38(b) does not describe how to endorse a pleading, it is sufficient if a party places the phrase 'jury trial demanded' under the docket number."). In his complaint, Walker never used the word "demand," or any equivalently affirmative verb, in conjunction with the phrase "jury trial." Instead, his complaint states, "Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial . . . nor the right to have all the claims asserted herein tried to a jury, at plaintiff's option . . . ." (Compl. ¶6)

Walker argues that the intent behind paragraph six of his complaint was "not to waive a trial by jury." Although this assertion may be true, not waiving a jury trial is not the same as demanding a jury trial. The plain meaning of the word demand, which will be conclusive unless "the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters," Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982), is an insistent and peremptory request, made as of right. See Webster's Third New International Dictionary 598 (1986); see also Black's Law Dictionary (8th Ed. 2004) (defining demand as "the assertion of a legal or procedural

4

right."). Thus, a demand, as used generally and in Rule 38(b), is a definitive statement and not a reservation of a decision for a later time. The statement in paragraph six of Walker's complaint is merely a warning to the opposing parties and the court that Walker might, at some undetermined time in the future, elect to demand a jury; it is not a demand in any sense of the word.

Further, the parties did not cite, nor did this court find, any case where such a statement of non-waiver and reservation of rights was found to have satisfied Rule 38(b).

The only scenario in which Walker could have the "option" of a jury trial after the 10-day period elapses, is one in which he demands a jury trial and then later waives it if he decides to opt for a non-jury trial. I suppose it is possible to read his complaint as calling for such a course of action, because that is the only way to comply with both his stated intentions and Rule 38. However, this court will not encourage such a reading, because it would cut against the articulated rule and the weight of the cases, which call for a clearly worded "demand" for a jury trial so as to provide opposing parties and the court with adequate and definitive notice. Reading Walker's statement as a proper jury demand would create a dilemma for opposing parties deciding whether to submit their own jury demand, and it leaves everyone else, including the

representatives of witnesses and the court, in indefinite suspense. Rule 38(b) simply does not allow a party to determine at its "option" whether to have a jury trial after the 10-day period has elapsed, and I will not allow Walker to do so here.

Finally, the Ninth Circuit case of Lutz v. Glendale Union High School, 403 F.3d 1061 (9th Cir. 2005), on which Walker relies, does not change the calculus. In Lutz, the Court found that a statement in the prayer for relief that the plaintiff requested that the court "[e]nter a Judgment in favor of Plaintiff for such back pay and value of lost employment benefits as may be '*found by a jury*'" and a request for compensatory damages for pain and suffering "in such amount as may be *awarded by a jury*" constituted a jury demand for Rule 38(b) purposes. Id. at 1064. In the present case, Walker's prayer for relief requests that a generic "trier of fact," as opposed to a specified jury, determine the amount of compensatory damages and "maintenance and cure and wages" due to him; thus, it does not, as in Lutz, clarify the jury demand. Further, the Lutz Court held that "[w]hat we do insist on is that the jury demand be sufficiently clear to alert a careful reader that a jury trial is requested on an issue . . . recognizing that the purpose of Rule 38's demand requirement is to inform the Court and counsel well in advance of trial as to the trial method desired." Id. at 1064-65 (internal quotation marks and citation omitted). As explained

above, paragraph six of Walker's complaint did not clearly inform either this court or opposing counsel "well in advance of trial" that he desired a jury trial.

\*       \*       \*

For the reasons set forth above, any trial in the present case will be a non-jury trial.

SO ORDERED:

Dated: New York, New York
August 3, 2006

Michael B. Mukasey
U.S. District Judge

7